IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON CAVEZZA,

        Petitioner,        3:13-cv-0313-TC

        v.        FINDINGS AND RECOMMENDATION

UNITED STATES OF AMERICA,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner's Application to proceed in forma pauperis (#6) is provisionally allowed subject to further review by the court.

    Petitioner filed a document captioned "Habeas Corpus and/or Coram Nobis (Under General Habeas Corpus Statutes)," which was docketed as a petition under 28 U.S.C. § 2241.

    Petitioner alleges "[t]here was a due process violation

1 - FINDINGS AND RECOMMENDATION

in defendant's felony proceedings, when his arraignment was conducted by a Magistrate Judge without his consent...." Petition (#1) p. 2.

Petitioner's claim relates to his 2008 conviction for Conspiracy to Distribute more than 100 Kilograms of Marijuana, in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(B)(viii). See, 3:02-cr-00491-KI-15. Pursuant to a guilty plea agreement petitioner was sentenced to 96 months imprisonment. Petitioner filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. Id., (#824). The § 2255 motion was denied by the District Court and a certificate of appealability was denied. Id., (#835) and (#837).

On February 8, 2013, the Ninth Circuit Court of Appeals denied petitioner's Motion for Reconsideration in appellate case 12-35923, adding the comment" No further filings will be entertained in this closed case."

Pursuant to the ADEPA, a habeas petitioner may not file a second or successive petition (or 2255 motion) in the district court without first obtaining prior permission from a three judge panel of the court of appeals. See, 28 U.S.C. §§ 2244(b), 2255. Permission may be granted only if the petitioner makes a prima facie showing that the previously unraised claim relies on a new rule of law announced by the Supreme Court and made expressly retroactive to collateral

2 - FINDINGS AND RECOMMENDATION

proceedings, or that the factual predicate of the claim could not have been discovered previously by due diligence *and* that the facts if proved would show clearly and convincingly that no reasonable trier of fact would have found the defendant guilty of the underlying offense but for the constitutional violation. *See,* Id.; see also, Woratzeck v. Stewart, 118 F.3d 648, 651-52 (9th Cir.), *cert. denied* 520 U.S. 1173 (1997).

A federal prisoner authorized to seek relief under 28 U.S.C. § 2255 may not petition for relief under 28 U.S.C. § 2241 unless it appears that the section 2255 motion is inadequate or ineffective to test the legality of the prisoner's detention. *See*, Moore v Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam); *see also*, Lorensten v. Hood, 223 F.3d 950, 953-56 (9th Cir. 2000).

If a petitioner does not obtain the required certificate of authorization to file a second or successive petition, the District Court has no jurisdiction to consider the petition. Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001).

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (*quoting* Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).

Petitioner's claims in this proceeding could have been

3 - FINDINGS AND RECOMMENDATION

raised in his previous § 2255 motion. Petitioner has not alleged any facts that would establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention.

Petitioner has not obtained the required certificate of authorization to proceed with a second collateral challenge to the conviction at issue in this proceeding. Accordingly, petitioner's Petition (#1) should be denied without prejudice. The Clerk of Court should enter a judgment dismissing this action without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

4 - FINDINGS AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

DATED this 9 day of April, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION